OPINION
Defendant-appellant Roger Lanier appeals from a conviction and sentence for Possession of Cocaine. Lanier contends that the trial court erred by failing to grant his motions for mistrial, which were based upon the claim that the State violated Evid.R. 615 regarding separation of witnesses.
We conclude that the record supports the trial court's finding that the State did not violate Evid.R. 615. We further find that even had such a violation occurred, a mistrial was not required, because Lanier was not denied a fair trial.
Accordingly, the judgment of the trial court is Affirmed.
 I
Roger Lanier was arrested in February, 1998, on an outstanding domestic violence warrant. Upon his arrest, he was taken to the Clark County Jail. While being booked into the jail, the jail staff found a substance identified as crack cocaine in Lanier's sock. Lanier was subsequently indicted for Possession of Crack Cocaine, in violation of R.C. 2925.11.
Lanier waived his right to a jury trial, and was tried to the bench on the Cocaine Possession charge. At trial, the State presented the testimony of three officers and a forensic criminalist. The defense presented the testimony of the Clerk for the Clark County Municipal Court, Lanier and two individuals who were incarcerated in the Clark County Jail at the time Lanier was being booked in.
Springfield Police Officer Keith McConnell testified that he was one of the officers who arrested Lanier on the domestic violence warrant. He further testified that upon arrest he patted Lanier down for weapons and then took him to the book-in facility at the Clark County Jail. McConnell testified that he was at the front desk, five feet away from Lanier, while Lanier was booked in by Deputy White, Deputy Suver and Sergeant Chambers. According to McConnell, the deputies "took [Lanier] through a procedure about asking him if he had things in his pockets and so forth and jewelry on." McConnell testified that White asked Lanier, two or three times, to take off his shoes and socks, but that Lanier refused to do so. He further testified that Lanier then kicked White in the stomach at which time the other deputies helped to restrain him while his shoes and socks were removed. McConnell testified that when the deputies took Lanier's socks off, Deputy White "stated that a baggie containing three yellowish whitish substances came out from inside of Mr. Lanier's right sock * * *". The substances were then handed to McConnell, who turned them over to the Springfield Regional Crime Laboratory.
Clark County Deputy Sheriff Ben Suver testified that when Lanier was booked-in, Deputy White patted him down. Suver testified that Lanier kicked White in the stomach, and Suver came over to help restrain him. He further testified that when White removed Lanier's right sock, "something wrapped up dropped to the floor; and Deputy White picked it up, and it appeared to be some kind of cocaine." Suver testified that White handed the cocaine to McConnell.
Deputy Sheriff Brian White's testimony corroborated that of Suver and McConnell. The testimony of the forensic criminalist is not relevant to this appeal.
Lanier attempted to present a defense based upon a claim that the cocaine was not found on his person. According to Lanier's testimony, the crack cocaine did not come from his sock. Instead, he alleges that another inmate, in a nearby holding cell, kicked the packet away from his own person in order not to be discovered with the drugs.[1] Lanier claims that the cocaine was found on the floor near that inmate's cell door. Lanier also testified that approximately a day later he had the following conversation with Deputy Suver in the presence of Sergeant Chambers:
 Q: What was your conversation with deputy Ben, then, about at a later point in time?
 A: Well, I knew that he — that somebody had to say that I had drugs on me for them to charge me with possession of drugs so I wanted to know who. So I — so when I saw Ben come around, I asked him, I said, "Ben, you said I had drugs on me, man?" And he said, "No." At first he said "No, I didn't say it." I said, "Who said I had drugs on me down there?" And he didn't say nothing.
* * *
 "Did you say I had dope on me?" He said, "No, I didn't say that." He said, he told me, he said, "They said it was on the floor." I said, "Well, did you say you — you — you pulled it on me." He said, "No." I said, "Then why you all saying I had dope on me?"
Lanier presented the testimony of two individuals who were in the Clark County Jail at the time Lanier was being held. These individuals corroborated his claim that he had the above-referenced conversation with Suver.
The State then called McConnell and Suver as rebuttal witnesses. McConnell merely reiterated his prior testimony. However, Suver was questioned about the alleged conversation with Lanier, and denied making the statements Lanier attributed to him.
On cross-examination, defense counsel asked Suver whether the prosecutor had discussed the testimony of Lanier or his two corroborating witnesses during any of the breaks in the trial. Suver stated, "we've talked about it, a lot of it, I would say yes." At that point, defense counsel moved for a mistrial on the grounds that the State had violated the order separating the witnesses. The motion was denied. Defense counsel then asked Suver whether the discussion with the prosecutor had taken place in front of the other State's witnesses; Suver indicated that it had. Defense counsel renewed his motion for a mistrial. When questioned by the prosecutor, Suver stated that the prosecutor had merely asked him whether he had the conversation with Lanier and that the prosecutor had not told him how to answer and had not coached him regarding his answer.
The trial court, in denying the motions for a mistrial, stated:
 Separation of witnesses is so that the witnesses don't talk to each other about their testimony. An attorney has a right to go out and confer with the witnesses that he intends to call to find out what testimony he may be able to offer to the Court so there's no violation in conferring with the witnesses.
 The violation would be if you coached the witness or told them what to say, something like that. That would be the violation. Just asking a witness in regard to what testimony they can present is not a violation.
At the conclusion of the trial, the judge found Lanier guilty and sentenced him accordingly. From his conviction and sentence, Lanier appeals.
 II
Lanier's sole Assignment of Error is as follows:
 THE APPELLANT ASSIGNS AS ERROR THE TRIAL COURT'S DENIAL OF THE APPELLANT'S MOTIONS FOR A MISTRIAL.
Lanier contends that the trial court erred by denying his motions for mistrial. In support, he argues that the evidence shows that the prosecutor violated Evid.R. 615 by discussing the testimony of the defense witnesses with the State's witnesses.
Evid.R. 615 requires a trial court, on motion of any party to "order witnesses excluded so that they cannot hear the testimony of other witnesses."[2] "Basically, Evid.R. 615 serves a number of purposes: "(1) to prevent witnesses who have already testified from discussing testimony in courtroom events with those who have not; (2) to keep witnesses out of the courtroom before testifying; (3) to prevent counsel from discussing evidence with witnesses who have not testified. These purposes, in turn, served to aid in exposing of inconsistencies in testimony and to prevent witnesses from shaping their testimony to that of other witnesses." State v. Brown (Dec. 7, 1995), Franklin App. No. 95APA03-389, unreported, citing State v. Waddy (1992), 63 Ohio St.3d 424. "On discovering a violation of a separation order, a trial court has four options: (1) striking the testimony; (2) excluding additional witnesses; (3) instructing the jury to consider separation violations; or (4) granting a motion for a mistrial." Id., citing Annotation (1967) 14 ALR 3d 16. "The separation of witnesses and the remedy of a violation of a court's order concerning such separation are matters within the sound discretion of the trial court." State v. Martin (Aug. 24, 1994), Hamilton App. No. C-930253, unreported.
We first turn to the issue of whether the prosecutor violated the rule. In this case, it is not clear whether the prosecutor actually discussed the testimony of the defense witnesses with Suver, or whether he merely asked Suver if he had the conversation with Lanier concerning which Lanier and his witnesses had testified. It appears that the trial court found, after hearing from both counsel, that the prosecutor merely asked Suver whether he had had a conversation with Lanier in which he had denied finding cocaine on Lanier's person. We conclude that the record supports the trial court's finding that the prosecutor did not attempt to shape Suver's testimony or to coach him on how to respond to the testimony of the defense witnesses. Therefore, we cannot say that the trial court erred in finding that no violation of the separation order had occurred.
Even had there been a violation of the rule, in this case, the testimony had already been introduced at the time the motions were made. Thus the issue on appeal is whether the trial court abused its discretion in denying the defense motions for mistrial. "[A] mistrial need be declared only if the violation of the separation order results in an unfair trial." State v. Edighoffer
(Dec. 16, 1998), Mahoning App. Nos. 96 CA 161, 96 CA 162, unreported, citing Price v. Cleveland Clinic Found. (1986),33 Ohio App.3d 301, 307. In this case, the issue of whether the cocaine was found in Lanier's sock, or as he claims, was kicked toward him by another inmate, is a matter of credibility for the court to determine. There is ample testimony in the record to support the State's version of the events; we cannot say that the prosecutor's having told Suver, prior to his rebuttal testimony, about his claimed conversation with Lanier resulted in an unfair trial.
We agree with Lanier that the prosecutor's having talked to Suver in the presence and hearing of other State's witnesses constituted a violation of the order separating witnesses. However, the other witnesses had not been present during the alleged conversation between Suver and Lanier; therefore, we conclude that the prosecutor's discussion of this alleged conversation in the presence of the other witnesses, while technically a violation of the separation order, can hardly be deemed to have deprived Lanier of a fair trial, and the trial court did not err in denying a mistrial.
Lanier's sole Assignment of Error is overruled.
 III
Lanier's Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Stephen C. Collins, Eric M. Sommer, Hon. Gerald F. Lorig
[1] According to the State's evidence, the inmates in the holding cells were searched prior to being placed in the cells.
[2] Lanier has failed to comply with App. R. 16(D) by neglecting to refer to the portion of the record supporting his claim that he requested a separation of witnesses. After reviewing the transcript, we note that defense counsel did request a separation after the testimony of the State's first witness had been completed.